**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROBERT WILLIAM DIBBLE,                    *

     Plaintiff,

     v.                                    *          Civil Action No. 8:22-cv-02905-PX

UNITED STATES OF AMERICA,

     Defendant.                          *
                              ***

<u>**MEMORANDUM OPINION**</u>

     Pending before the Court is the motion to dismiss filed by Defendant United States of America.  ECF No. 13.  The issues are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the Court GRANTS the motion.

**I.     Background[1]**

     Plaintiff Robert William Dibble began working as a custodian at the United States Postal Service ("Postal Service") in February 2020.  ECF No. 13-2 at 2.  After receiving several letters of warning for failing to follow instructions, Dibble was terminated from his position at the Postal Service on June 17, 2021.  *Id.* at 2–3.  The "notice of removal," which was signed by William Planer and Ruth Cassidy, specified that Dibble was being fired for failing to follow instructions and perform his assigned duties.  *Id.* at 2–4.

     On June 14, 2022, Dibble filed a *pro se* Complaint against Planer and Cassidy in the Circuit Court for Montgomery County, Maryland.  ECF No. 5.  Dibble added Kennedy McLeod and Malik Aluqdah as Defendants in an Amended Complaint filed on July 11, 2022.  ECF No. 11-4 at 1.  Dibble alleges that these four individuals, who held positions of authority over Dibble

---

[1] The Court construes the averred facts in the light most favorable to Plaintiff Robert William Dibble.  *Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003).

at the Postal Service, lied about his job performance and made false allegations of harassment

against Dibble.  *Id.*  In support of his claim, Dibble cites to the definition of "defamation" in 28

U.S.C. § 4101.  *Id.*  Although he did not check any "case category" boxes on the state court case

information report for his Amended Complaint, Dibble checked the box for "defamation" on the

case information report for his original complaint.  ECF Nos. 5-1 at 1; 11-4 at 4.

On November 9, 2022, the United States—on behalf of Planer, Cassidy, McLeod, and

Aluqdah—removed the case to this Court.  ECF No. 1.  The United States simultaneously moved

to substitute itself as the sole Defendant pursuant to 28 U.S.C. § 2679(d)(1), citing a certification

from the Attorney General that Planer, Cassidy, McLeod, and Aluqdah were acting within the

scope of their employment at the time at which Dibble's claims arose.  ECF No. 4.  Dibble did

not oppose the motion to substitute, which the Court granted on January 5, 2023.  ECF No. 12.

The United States next moved to dismiss the Amended Complaint for lack of subject

matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6).  ECF No. 13.  The United States also moved, in the alternative, for summary

judgment.  *Id.*  For the reasons explained below, Dibble's defamation claim is barred by

sovereign immunity and must be dismissed under Rule 12(b)(1) for lack of jurisdiction.

## II.    Standard of Review

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all

and whether the court has the power to hear and dispose of his claim."  *Holloway v. Pagan River

Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  The plaintiff bears the burden of

establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

If "a claim fails to allege facts upon which the court may base jurisdiction," the court must

dismiss the action for lack of subject matter jurisdiction.  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue."  *Khoury*, 268 F. Supp. 2d at 606 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted).  Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the facts alleged in the complaint as true and most favorably to the plaintiff.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case.  *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

### III.    Analysis

The United States contends that it is immune from suit for the tort of defamation.  ECF No. 13-1 at 7–8.  Sovereign immunity protects the United States and its agencies from all lawsuits absent a waiver of immunity.  *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005).  Congress may, however, expressly waive sovereign immunity for certain suits through the passage of legislation.  *See Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity against the United States or its agencies for suits involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  The FTCA makes plain that such immunity is *not* waived for claims arising out of "libel" or "slander," which includes defamation.  28 U.S.C. § 2680(h); *Khatami v. Compton*, 844

F. Supp. 2d 654, 664 (D. Md. 2012) (citing *Talbert v. United States*, 932 F.2d 1064, 1067 (4th Cir. 1991)).

The Court easily concludes that Dibble's sole claim against the United States is one for defamation.  The Amended Complaint expressly accuses Dibble's superiors of "Defamation of Character," for "[b]oldly [l]ying" about his "[p]erformance of [w]ork [d]uties" and making "[m]ultiple [f]alse [a]llegations of [h]arassment."  ECF No. 11-4 at 1.  Nor does Dibble dispute that he intended to bring a defamation claim.  ECF No. 15 at 5.  Accordingly, because the Amended Complaint, read most charitably to Dibble, alleges only defamation, the Government is immune from suit.  The matter must be dismissed without prejudice for lack of subject matter jurisdiction.  *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (A dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## IV.    Conclusion

For the foregoing reasons, the Court grants the motion to dismiss and dismisses the Amended Complaint without prejudice for lack of subject matter jurisdiction.  A separate Order follows.

6/21/2023                                                  /S/
Date                                                      Paula Xinis
                                                         United States District Judge